CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong**, <br><br> Plaintiff, <br><br> v. <br><br> **Eltinge and Graziadio Development**, a California General Partnership; **George M. Kilzi Sr.**; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Nehemiah Kong complains of Eltinge and Graziadio Development, a California General Partnership; George M. Kilzi Sr.; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who suffers from Polio. He uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van.

2.   Defendant Eltinge and Graziadio Development owned the real property located at or about 17591 Yorba Linda Blvd., Yorba Linda, California, in January 2019.

3.   Defendant Eltinge and Graziadio Development owns the real property located at or about 17591 Yorba Linda Blvd., Yorba Linda, California, currently.

4.   Defendant George M. Kilzi Sr. owned Mobil Snack Shop located at or about 17591 Yorba Linda Blvd., Yorba Linda, California, in January 2019.

5.   Defendant George M. Kilzi Sr. owns Mobil Snack Shop ("Store") located at or about 17591 Yorba Linda Blvd., Yorba Linda, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

Complaint

Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Store in January 2019 with the intention to avail himself of its goods or services, motivated in part to determine if the defendants comply with the disability access laws.

11. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.

13. Unfortunately, even though there was a parking space marked and reserved for persons with disabilities in the parking lot serving the Store during Plaintiff's visit, the parking space was not van accessible.

14. The parking stall measured about 114 inches in width while the access aisle measured about 57 inches in width. This is not van accessible.

15. On information and belief, Plaintiff alleges that the defendants once had van parking space marked and reserved for persons with disabilities at the Store. Unfortunately, the van parking space was allowed to fade or get paved over.

16. In addition to not having a van-accessible parking space for persons with disabilities, the parking stall and access aisle were not level with each other. The parking stall and access aisle had cross slopes and running slopes greater than 2.1%.

17. Currently, there is no van-accessible parking space.

18. Currently, the parking stall and access aisle are not level with each other.

Complaint

1    19. Plaintiff personally encountered these barriers.

2    20. This inaccessible facility denied the plaintiff full and equal access and

3    caused him difficulty.

4    21. Transaction counters another are one of the facilities, privileges, and

5    advantages offered by Defendants to patrons of the Store.

6    22. Meanwhile, and even though the plaintiff did not personally confront

7    the barriers, the transaction counter at the Store is more than 36 inches in

8    height. In fact, the transaction counter is about 38 inches in height.

9    23. There is no lowered, 36 inch portion of the transaction counter at the

10   Store.

11   24. Restrooms are also one of the facilities, privileges, and advantages

12   offered by Defendants to patrons of the Store.

13   25. The restroom sink does not provide any knee clearance for wheelchair

14   users.

15   26. Defendants have failed to maintain in operable working condition those

16   features of facilities and equipment that are required to be readily accessible to

17   and usable by persons with disabilities at the Subject Property.

18   27. The defendants have failed to maintain in working and useable

19   conditions those features required to provide ready access to persons with

20   disabilities.

21   28. The barriers identified above are easily removed without much

22   difficulty or expense. They are the types of barriers identified by the

23   Department of Justice as presumably readily achievable to remove and, in fact,

24   these barriers are readily achievable to remove. Moreover, there are numerous

25   alternative accommodations that could be made to provide a greater level of

26   access if complete removal were not achievable.

27   29. For example, there are numerous paint/stripe companies that will come

28   and stripe a level, van parking stall and access aisle and install proper signage

Complaint

1  on rapid notice, with very modest expense, sometimes as low as $300 in full
2  compliance with federal and state access standards.

3     30. Plaintiff will return to the Store to avail himself of its goods or services
4  and to determine compliance with the disability access laws. He is currently
5  deterred from doing so because of his knowledge of the existing barriers. If the
6  barriers are not removed, the plaintiff will face unlawful and discriminatory
7  barriers again.

8     31. Given the obvious and blatant nature of the barriers and violations
9  alleged herein, the plaintiff alleges, on information and belief, that there are
10 other violations and barriers on the site that relate to his disability. Plaintiff will
11 amend the complaint, to provide proper notice regarding the scope of this
12 lawsuit, once he conducts a site inspection. However, please be on notice that
13 the plaintiff seeks to have all barriers related to his disability remedied. See
14 *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
15 encounters one barrier at a site, he can sue to have all barriers that relate to his
16 disability removed regardless of whether he personally encountered them).

17

18 **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
19 **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
20 Defendants.) (42 U.S.C. section 12101, et seq.)

21    32. Plaintiff re-pleads and incorporates by reference, as if fully set forth
22 again herein, the allegations contained in all prior paragraphs of this
23 complaint.

24    33. Under the ADA, it is an act of discrimination to fail to ensure that the
25 privileges, advantages, accommodations, facilities, goods and services of any
26 place of public accommodation is offered on a full and equal basis by anyone
27 who owns, leases, or operates a place of public accommodation. See 42 U.S.C.
28 § 12182(a). Discrimination is defined, inter alia, as follows:

Complaint

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

34. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

35. Here, the lack of a van parking space is a violation of the law.

36. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.

1    37. Here, the failure to provide level parking is a violation of the law.

2    38. Under the 2010 Standards, where the approach to the sales or service
3    counter is a parallel approach, such as in this case, there must be a portion of
4    the sales counter that is no higher than 36 inches above the floor and 36 inches
5    in width and must extend the same depth as the rest of the sales or service
6    counter top. 2010 Standards § 904.4 & 904.4.1.

7    39. Here, no such accessible counter has been provided in violation of the
8    ADA.

9    40. Sinks must provide knee clearance of at least 9 inches to 27 inches in
10   height. There must also be at least 11 inches of depth.  And at least 30 inches
11   in width. 2010 Standards § 306.

12   41. Here, no such knee clearance was provided and this is a violation of the
13   ADA.

14   42. The Safe Harbor provisions of the 2010 Standards are not applicable
15   here because the conditions challenged in this lawsuit do not comply with the
16   1991 Standards.

17   43. A public accommodation must maintain in operable working condition
18   those features of its facilities and equipment that are required to be readily
19   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

20   44. Here, the failure to ensure that the accessible facilities were available
21   and ready to be used by the plaintiff is a violation of the law.

22

23   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
24   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.
25   Code § 51-53.)

26   45. Plaintiff repleads and incorporates by reference, as if fully set forth
27   again herein, the allegations contained in all prior paragraphs of this
28   complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

Complaint

that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

46. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

47. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

8

Complaint

1    3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4  Dated: January 30, 2018        CENTER FOR DISABILITY ACCESS

5

6

7                                By: _____

8                                    Chris Carson, Esq.
9                                    Attorney for plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint